Green, Judge,
delivered the opinion of the court:
This is a suit to recover an alleged overpayment of income and. profits taxes for the calendar year 1917. The plaintiff claims that by reason of the failure of the Commissioner of Internal Revenue to allow a deduction from his income of a loss in the sum of $245,345.98 he was required to pay $87,-082.95 more taxes than were justly due.
For many years prior to July 1, 1917, plaintiff had owned and was conducting a manufacturing business under the firm name and style of William Yolker & Company. With the purpose of enabling his employees to participate in the management and profits of the business, on August 29, 1917, he executed a trust agreement transferring all of the assets of this business to himself and two other persons as trustees effective as of July 1,1917. Pursuant to the trust agreement the trustees issued to the plaintiff 24,000 shares of certificates of interest, which represented the entire beneficial interest in all of the property conveye'd to the trustees, and plaintiff had the power to revoke the trust as long as he held all of the certificates. The total par value of such shares was fixed at $2,400,000.
The evidence shows that the property transferred cost $2,645,345.98 and that the fair value of the certificates of interest was the same as the par value, to wit, $2,400,000.
All the certificates of interest were issued and received by plaintiff, and thereafter he sold a large portion thereof to various parties at different prices. The claim made by plaintiff in his petition is that in the exchange of the assets of his ■ company for the certificates of interest he lost the difference *413 between the value of the certificates and the original cost of the property, and that this loss should have been deducted in determining his net income subject to tax for the year 1917.
We do not think the evidence shows that the plaintiff in fact sustained any loss for several reasons.
After the transfer and before he sold any of the certificates he had the right to revoke the trust and put himself in the same condition as he was before., in which event there would have been no loss. It may be contended that the provision of division 16 of the trust agreement, which provides that the trust might be revoked with the unanimous consent of the holders of all of the certificates, was not intended to apply to this situation, and that this condition lasted only a day. But if 'we consider the situation after plaintiff made a sale of some of the stock and could not revoke the trust, we still think the evidence fails to show any loss. True, the testimony on behalf of the plaintiff shows that the value of the certificates was the same as their par value, which was less than cost, but this manifestly was p.artly because of the peculiar conditions that were imposed upon them. Indeed, one of plaintiff’s witnesses so testifies. As shown in Finding VI, the certificates could not be sold by the party to whom the plaintiff might transfer them until the holder thereof first offered them to the plaintiff at the book value plus six per cent interest, and plaintiff had thirty days in which to exercise an option to accept the same. Also, plaintiff had the absolute right to purchase these certificates at any time in his lifetime by paying the book value with interest from the date of the establishment of the book value to date of« purchase, with a bonus of ten per cent of the total value. In other words, the plaintiff had not completely parted with the title when he sold any of these certificates. The purchaser could not treat them as his own and dispose! of them as he saw fit. Plaintiff still retained a beneficial interest in, them after he had sold them, the value of which interest is not shown by the evidence, although it is quite plain that the market value of the certificates in the hands of another party was reduced thereby. We think it doubtful whether a deductible loss can be set up within the meaning of the statute when the *414 complete title is not passed, but in any event as the plaintiff still retained an interest in the property the loss, if any, on the transaction can not be measured in the same way as if he had completely parted with the title to the certificates. In other words, his loss is not so great as it would be if he had completely parted with the title. The evidence offered would apply if he had retained no rights in the stock. As the situation was, we think the evidence fails to show the amount of loss, if any.
We also think that the grounds for the refund set out in the petition are not the same as those set out in the original claim for a refund. The petition alleges that the exchange of the property for the certificates created a deductible loss. The original application for refund claims a deductible loss sustained in connection with the sale of the certificates. It is true that the preceding transactions are set out in the application, and this makes the question somewhat doubtful, but on the whole we think the application for refund was not sufficient.
It follows that the petition must be dismissed, and it is so ordered.
Sinnott , .Judge; Moss, J udge; Graham, Judge; and Booth, OMef Justice, concur.